

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

---

*Matthew J. Maddox*  
*Assistant United States Attorney*  
*Matthew.Maddox2@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*MAIN: 410-209-4800*  
*FAX: 410-962-0716*  
*FAX: 410-962-0716*

August 15, 2016

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JAN 20 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Joseph A. Balter, Esquire
Law Office of Joseph A. Balter, LLC
Mt. Washington Mill
1340 Smith Avenue, Suite 200
Baltimore, MD 21209

Re: United States v. Theodore Gerald Reiss, Criminal No. JFM-16-0139

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **August 23, 2016**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2), (b)(1) and 2256. The Defendant admits that he is, in fact, guilty of the foregoing offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are that, in the District of Maryland, on the date set forth in the Indictment:

    a. the Defendant knowingly distributed a visual depiction;

    b. the visual depiction was distributed using any means or facility of interstate or foreign commerce, or was shipped, transported, or mailed in or affecting interstate or foreign commerce, or contained materials that had been so mailed, shipped or transported, by any means, including by computer;

    c. producing the visual depiction involved the use of a minor engaged in sexually explicit conduct;

    d. the visual depiction was of a minor engaged in sexually explicit conduct; and

    e. the Defendant knew the visual depiction was of a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

## Penalties

  3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a term of imprisonment of 20 years, a fine of $250,000, and a period of supervised release for life. **The minimum sentence provided by statute for the offense is a term of imprisonment of five years to be followed by a period of supervised release of five years.** In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. and an additional special assessment of $5,000, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  4. The Defendant understands and agrees that as a consequence of his conviction for the offense to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

  5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

3

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a.   Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

   b.   The offense level is increased by 2, pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

   c.   The offense level is increased by 2, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because the offense involved distribution.

   d.   The offense level is increased by 4, pursuant to U.S.S.G. § 2G2.2(b)(4), because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

   e.   The offense level is increased by 2, pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

   f.   The offense level is increased by 5, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved 600 or more images.

   g.   This Office does not oppose a 2-level reduction in the Defendant's offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g)

4

attempts to withdraw his plea of guilty.

   h. Accordingly, the final offense level is **34**.

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter the offense level for either offense if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence to a term of imprisonment that is no greater than **ten years** to be followed by a life term supervised release.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Restitution

12. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. The Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Forfeiture

13. The Defendant agrees to forfeit all right, title, and interest in the following property seized by law enforcement authorities from his residence on September 9, 2015, and further agrees to take whatever steps are necessary to pass clear title to the following property to the United States:

    a. HP Compaq 6910p laptop computer, s/n: CND821MPCM;
    b. Compaq Presario SR5000 desktop computer, s/n: CNH8050027;
    c. Samsung 4TB external USB hard drive, s/n: E3A4JJHFC0096D;
    d. Samsung 8GB microSD card;
    e. PNY 64GB USB flash drive; and
    f. 18 optical discs.

14. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Collection of Financial Obligations

15. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant waives any and all motions, defenses, probable cause determinations, objections which the Defendant could assert to the Indictment, or to the Court's entry of judgment against the Defendant and imposition of sentence upon the Defendant consistent with this agreement.

    b. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

   c. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   d. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   e. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

   17. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

   18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court

ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Matthew J. Maddox
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation and with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

August 19, 2016
Date                                              Theodore Gerald Reiss

I am Theodore Gerald Reiss's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

August 19, 2016
Date                                              Joseph Balter, Esq.

## Attachment A: Statement of Facts
## United States v. Theodore Gerald Reiss

*The undersigned parties stipulate and agree that the following facts are true and accurate, and if this matter had gone to trial, that the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

The defendant, Theodore Gerald Reiss ("REISS"), age 80, is a resident of Halethorpe, Maryland. On or about August 17, 2015, REISS used a personal computer connected to the Internet to distribute a computer file containing a video of child pornography in a peer-to-peer network. The production of the video involved minors (including prepubescent minors) engaged in sexually explicit conduct, the video depicted the same conduct, and REISS knew the video depicted minors (including prepubescent minors) engaged in sexually explicit conduct. Additionally, on September 9, 2015, REISS knowingly possessed electronic devices and optical discs containing a total of more than 600 images of child pornography.

The file name of the video file REISS distributed on August 17, 2015, is "15Yo Boy Fucks A 12Yo Boy.avi." The video shows a prepubescent male child wearing underwear in a bed masturbating a naked adult male standing next to the bed. As the video continues, the child and the adult male perform oral sex on each other. In the next scene of the video, a naked adult male is in a shower with two naked prepubescent male children. The adult male masturbates himself while masturbating one of the children. As the video continues, one of the children performs oral sex on the other child while the adult male masturbates himself and then one of the children performs oral sex on the adult male as the adult male performs oral sex on the other child. In the next scene, a naked prepubescent male child masturbates himself. As the video continues, an adult male enters, and the child performs oral sex on the adult male. The length of the video is approximately twenty minutes and fifteen seconds.

Using a computer connected to the Internet, investigators identified the video file by hash value as being a file of investigative interest to child pornography investigations and located the Internet Protocol ("IP") address where the file was being made available. Using investigative peer-to-peer software, investigators directly connected to the device at the identified IP address and downloaded the video file from that device. The download was completed on August 18, 2015, and investigators determined that the file contained a video of child pornography.

The IP address was subscribed to REISS at a residence in Halethorpe, Maryland. Investigators obtained a search and seizure warrant for the residence and executed the warrant on September 9, 2015. REISS was present and was interviewed by investigators. Investigators conducted a forensic preview of a laptop computer and several thumb drives found in the residence. Investigators located the peer-to-peer software installed on the laptop computer and numerous videos of child pornography on the devices, including videos depicting prepubescent male and female children engaged in sex acts with adults and other children. Investigators then seized several electronic devices and optical discs from the residence, including two HP laptop computers, two Compaq desktop computers, a Samsung external hard drive, two Samsung microSD cards, a PNY USB drive, and 18 optical discs.

During interviews with investigators, REISS admitted viewing child pornography for approximately 10 years, recently using peer-to-peer software to search for and download child pornography, and masturbating while viewing child pornography. REISS stated his understanding that users of peer-to-peer software share files with other users on a network. REISS also admitted saving child pornography on external hard drives and optical discs.

Investigators obtained a search and seizure warrant to conduct a forensic examination of the electronic devices seized from the residence. During the forensic examination, investigators found 291 videos and 29 images of child pornography, as specified below:

a) a Compaq Presario desktop computer (serial number CNH8050027) included a 160-GB Seagate hard drive that was made in China and contained 29 image files of child pornography;
b) a Samsung external hard drive (serial number E3A4JJHFC0096D) was made in China and contained 10 video files of child pornography;
c) a Samsung 8-GB microSD card was made Taiwan and contained 29 video files of child pornography;
d) the PNY USB drive contained 56 video files of child pornography; and
e) the optical discs contained a total of 196 video files of child pornography.

Investigators also determined that a peer-to-peer file-sharing application was installed on a HP Compaq 6910p laptop computer (serial number CND821MPCM), which was made in China. REISS was the owner and sole user of these electronic devices and media, and each of the devices traveled to Maryland in commerce.

The video files of child pornography found on the devices and discs included videos depicting minors (including prepubescent minors) engaged in sexually explicit conduct with adults and other children, including oral and vaginal sex and masturbation. At least one video saved to an optical disc portrayed sadistic or masochistic conduct and bestiality—that is, a prepubescent female child in bondage performing oral sex on an adult male, the adult male massaging the child's vagina, and separately a dog licking the child's vagina.

*****

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____
Theodore Gerald Reiss

I am counsel for Theodore Gerald Reiss. I have carefully reviewed the Statement of Facts with him.

_____
Joseph Balter, Esquire
Counsel for Theodore Gerald Reiss

2